UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>CATERPILLAR, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  CASE NO. 1:11-cv-00682-WTL-DML<br>)<br>)<br>)<br>) |

# Order on Plaintiff's Motion for
## Additional Time to File Surreply

     This matter is before the court on a motion (Dkt. 86) by plaintiff Travelers Property Casualty Company of America ("Travelers") for additional time to file a surreply to Caterpillar, Inc.'s reply in support of Caterpillar's motion for summary judgment. Travelers contends that Caterpillar submitted new evidence with its reply brief—an insurance policy sponsored by an affidavit of Richard Clark. The motion is GRANTED IN PART and DENIED IN PART.

## Discussion

**A. Leave to File a Late Surreply**

     Caterpillar is correct that Travelers's motion for more time to file a surreply was not timely. Caterpillar filed its summary judgment reply brief on April 23, 2012. Under Local Rule 56-1(d), a surreply addressed to new evidence in a reply "must be filed within 7 days after the movant serves the reply and must be limited to the new evidence. . . ." Here, any surreply must have been filed by May 3, 2012 (7 + 3 days from date of service of reply). Travelers filed its motion for time to file a surreply on May 7, after the deadline had passed. Under Fed. R. Civ. P.

6(b)(1)(B), a motion to extend time made after the deadline expired may be granted if the party "failed to act because of excusable neglect."

Travelers's only excuse for not reacting sooner, and filing either a surreply or a request for more time to file one, is that it was considering a motion to strike Mr. Clark's affidavit and the insurance policy, but that it decided not to do so because motions to strike are discouraged under Local Rule 56-1(i). This local rule directs parties to address disputes regarding the admissibility or effect of evidence in their supporting and opposing merits briefs, rather than by filing *separate* motions that dispute admissibility or the affect of evidence. The court is hard-pressed to understand how Travelers viewed this rule as a reason not to file a timely surreply or timely seek an extension to file one. Travelers's failure is simply unexplained.

The court is convinced, however, that in the interests of justice, Travelers should be permitted an opportunity to present legal arguments based on the terms of the subject insurance policy as part of its opposition to Caterpillar's motion for summary judgment. As explained below, it therefore will permit the filing of a surreply brief.

### B. Travelers's Request to Take More Discovery before Filing Surreply

In addition, Travelers seeks an open-ended amount of time to file a surreply. It contends that it needs time to analyze the insurance policy, consider additional discovery that may be desirable, and then file a surreply, but its motion is silent as to the time Travelers thinks will be sufficient for these purposes. As part of the electronic filing process for the motion, Travelers chose November 3, 2012, as the new deadline (an extension of seven months!), but this date appears nowhere in the motion. Nothing in the motion justifies an open-ended extension and certainly not an extension of seven months.

This is not the first time that Travelers has claimed it is unprepared to respond to Caterpillar's motion for summary judgment. On February 21, 2012, the court granted Travelers time to conduct the discovery it identified as necessary to respond to the summary judgment motion, including a deposition of a Rule 30(b)(6) witness for Caterpillar.  Caterpillar designated Mr. Richard Clark as its witness and he was deposed by Travelers on March 16, 2012.  During that deposition, Travelers learned that some relationship exists between an insurance policy issued by an insurance division of Caterpillar Financial Services and the equipment protection plan "bulletins" that are the basis of Travelers's lawsuit.  Travelers asserts the insurance policy is "core" to resolving issues in this case and even "could give rise to additional causes of action upon analysis."  (Dkt. 86 at p. 2).  Yet Travelers did not act with any diligence regarding this allegedly "core" insurance policy.

About a week after Mr. Clark's deposition, on March 21, 2012, Travelers sent Caterpillar a Rule 34 document request for insurance policies that "relate" in any way to coverage under the warranty program at issue in this case. (Dkt. 85-1). Travelers's opposition to Caterpillar's summary judgment motion was due April 9, 2012, but Travelers did not ask the court to expedite Caterpillar's response deadline or take any other action to get the policy quickly or seek out other discovery regarding the policy.  Travelers's summary judgment opposition brief claims that the insurance policy about which Mr. Clark testified is key to this case and urges the court to deny summary judgment because Caterpillar has not produced the policy—though, as noted, Travelers did not timely seek its production or ask the court to expedite its production.

Travelers's arguments about the importance of the policy prompted Caterpillar to submit the policy with its reply brief, along with arguments to refute the contention that the insurance policy is germane to this case.  Caterpillar's decision to wait until filing its reply brief on April

23 to provide the policy to Travelers concerns the court. Caterpillar knew the policy was the centerpiece of Travelers's opposition and undoubtedly could have provided a copy of the policy long before it did so.[1]

That said, Travelers now has the policy and has not explained why it cannot adequately respond to Caterpillar's summary judgment motion without additional discovery or what particular discovery is necessary. When a party asserts that additional discovery is necessary to oppose a summary judgment motion, as Travelers has asserted in its motion, it must comply with Fed. R. Civ. P. 56(d). Travelers was required to provide an affidavit explaining the specific reasons it cannot present facts necessary to its opposition, including an identification of additional discovery it believes is necessary and an explanation for why it is unable to respond adequately to the summary judgment motion without it. *See Deere & Co. v. Ohio Gear,* 462 F.3d 701, 706 (7th Cir. 2006); *Lunatrex, LLC v. Cafasso,* 2011 WL 11571 at *3 (S.D. Ind. Jan. 4, 2011). Travelers makes only generalized assertions that the insurance policy is important. Its lack of particularized arguments is curious. After all, Travelers itself is in the business of issuing insurance policies. Undoubtedly, it routinely makes legal arguments regarding the construction and application of policy language. But here it does not identify a single term, phrase, or sentence within the policy attached to Mr. Clark's affidavit as important to this case or as giving rise to a need for more discovery. *See, e.g. State Auto. Mut. Ins. Co. v. Flexdar, Inc.,* 964 N.E.2d 845, 848 (Ind. 2012) ("interpretation of an insurance policy presents a question of law that is particularly suitable for summary judgment"). Travelers has not offered any persuasive reason

---

[1] A reasonable argument could be made that the policy fell within the scope of the documents Mr. Clark was requested to bring to his deposition. After Mr. Clark provided testimony about an insurance policy and Caterpillar received a document request for insurance policies, it was not appropriate for Caterpillar to "sit on" the policy and wait until its reply brief to finally provide it to Travelers.

why it needs more time to conduct discovery before summary judgment briefing is completed, and it has not complied with Rule 56(d). That request is therefore denied.

## Conclusion

Travelers's motion for additional time to file a surreply is GRANTED IN PART and DENIED IN PART. The court will permit Travelers an opportunity to address in a surreply, to be filed no later than May 31, 2012, the insurance policy and Mr. Clark's affidavit. The court denies Travelers' request for additional time to conduct discovery before filing a surreply brief.

So ORDERED.

Dated: 05/24/2012

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF