**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **TRAVELERS PROPERTY CASUALTY** | ) | |
| **INSURANCE CO. OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO.  1:11-cv-682-WTL-DML** |
| | ) | |
| **CATERPILLAR, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT**

In May 2009, a hose in a dump truck ruptured, causing hydraulic fluid to leak onto hot

surfaces within the vehicle.  This, in turn, caused a fire that significantly damaged the vehicle.  The

dump truck was manufactured by Caterpillar, Inc., and had been leased by a Caterpillar dealer,

Blanchard Machinery Company ("Blanchard"), to E.S. Wagner.  E.S. Wagner has been

compensated by its insurance company, Plaintiff Travelers Property Casualty Insurance Co. of

America ("Travelers"), for the cost of repairing the truck.

According to the bill of sale between E.S. Wagner and Blanchard, the dump truck was

covered by the following warranties:  a "Standard Caterpillar Warranty," something called "12

Months/5000 Premier Coverage," and something called "60 Months/6000 Hours Power Train +

Hydraulic Coverage."  (The latter will hereinafter be referred to as "the Plan.")  Travelers alleges

in this suit that the Plan was an express warranty that covered "all specified hydraulic system parts

and components of the basic machine associated with steering and implement control" and

provided for "repair or replacement of the failed component and any resultant-damaged parts."

Complaint at ¶¶ 12 and 14.  Travelers further asserts that the ruptured hose and resultant damage to

the truck falls under the Plan's coverage; therefore it seeks reimbursement from Defendant

Caterpillar, Inc.,[1] for the amount it paid to repair the truck.

There appears to be no dispute about which part failed and how that failure caused the fire in the truck. It is no surprise, then, that Caterpillar filed an early motion for summary judgment raising the issue that is disputed by the parties–whether the part in question is or is not covered by the Plan. What is surprising, however, is that Caterpillar's motion for summary judgment is premised on the language contained in documents entitled "CAT Service EPP Bulletin: Powertrain - Equipment Protection Plan" and "CAT Service EPP Bulletin: Hydraulic - Equipment Protection Plan" (hereinafter referred to as "the Bulletins"). The Bulletins appear to be communications by Caterpillar to its dealers; they refer to "components that are covered under various" Caterpillar protection plans[2] and contain statements such as "[t]he following are components commonly mistaken by Dealers as covered under Hydraulic - Equipment Protection Plan." In other words, it appears that neither Bulletin is the actual Plan that was offered to and purchased by E.S. Wagner; rather, each Bulletin is an explanation of several plans that cover equipment sold by Caterpillar.

That this is the case is confirmed by the deposition testimony of Richard Clark, Caterpillar's Rule 30(b)(6) deponent, who clearly and unequivocally identified the Bulletins as "a communication between Caterpillar and its dealers." Clark Dep. at 18. Actually, Clark was asked

---

[1]The parties have stipulated that Caterpillar is the proper defendant in this case.

[2]The first paragraph of the former states that "This Cat Equipment Protection Plan addresses the powertrain components that are covered under various new and used/rebuilt equipment programs offered through Americas North Value Assurance Level 1 and Level 2, CAT EXTRA (APD) and Caterpillar" and the first paragraph of the latter states "This Cat Equipment Protection Plan addresses the hydraulic components that are covered under various new and used/rebuilt equipment programs offered through Value Assurance Programs (AN) (VA1 and VA2) [VA1 discontinued 31 Dec05], CAT EXTRA (APD) [discontinued 31 Dec07] and Caterpillar."

about different bulletins during his deposition than the ones attached to Travelers' complaint,[3] but the import of his testimony is clear:  Caterpillar bulletins are exactly what they appear to be–communications between Caterpillar and its dealers.  As such, they cannot form the basis of a warranty claim made by a Caterpillar customer.  As Clark testified:  "I believe this is the relationship that Caterpillar has with the dealer.  What the dealer uses to describe the coverage is part of the dealer's business, and they're independent.  And I don't know exactly what that may have been."  *Id.* at 20.

The trouble is that no one in this case seems to know exactly what that may have been, or at least no one has placed it before the Court.  The trouble is further compounded by the fact that Clark testified–consistently and unequivocally–that the Plan at issue in this case is not a warranty at all, but rather an "insurance policy . . . that both dealers and customers use to help mitigate risk for certain failures."  Clark Dep. at 19.  In spite of this testimony from its own witness, the Defendant suggests that it was unreasonable for Travelers to seek discovery regarding the insurance policy, asserting in its reply brief that

> Plaintiff's assertion of the existence of such a policy is mistaken and its reliance thereon in opposition to the Motion for Summary Judgment is misplaced.  As was made clear to Plaintiff in the deposition it took of Caterpillar's Rule 30(b)(6) designee, there, in fact, is no insurance policy which provides coverage terms for the Equipment Protection Plans attached to the Complaint.  The coverage and exclusion terms are as stated on the face of the documents, which clearly exclude the component part which Plaintiff alleges is defective.

Defendant's Reply at 2.  The Defendant further asserts that "[t]he entire basis for Plaintiff's argument in this regard is Plaintiff's misreading and misunderstanding of the testimony of Caterpillar's Rule 30(b)(6) corporate designee, Richard Clark."  Defendant's Reply at 4.  Perhaps Travelers has misunderstood and misread Clark's testimony, but, if so, so has the Court.  The

---

[3]That, of course, makes the Defendant's motion for summary judgment, which is based on the Bulletins attached to the complaint, all the more problematic.

Defendant submitted an affidavit from Clark along with its reply brief in which he states that "[t]he plan coverage is defined by bulletins contained in Caterpillar's service warranty guide," Clark Aff. ¶ 5, but that seems to contradict the testimony he gave in his deposition that (1) the Plans are not warranties, but rather insurance policies; and (2) Caterpillar bulletins set forth the relationship between Caterpillar and its dealers, which is not the same thing as setting forth the terms of the protection plan purchased by a particular customer for a particular truck.[4]

Although many things are not entirely clear in this case, one thing is: summary judgment is not appropriate based upon the record currently before the Court. Travelers' insured, E.S. Wagner, contracted to lease a truck that, according to the bill of sale, would be covered by the following warranties: a "Standard Caterpillar Warranty," something called "12 Months/5000 Premier Coverage," and something called "60 Months/6000 Hours Power Train + Hydraulic Coverage." Whether the latter two are termed insurance policies, as Caterpillar's witness testified they should be, or warranties, which the bill of sale suggests they are, there must be documents that set forth their terms. It appears to the Court that all that the record contains at this time are documents that *explain* the terms of "various" protection programs to *Caterpillar's dealers*, and the record as it currently stands does not support a finding that those explanations are the same as the actual terms of the Plan in all relevant respects. Accordingly, the Defendant's motion for summary judgment is **DENIED**.

The Court will leave it up to the parties to decide how to proceed. This seems like a case that could be resolved by summary judgment, and the Court would be amenable to considering further dispositive motions if they are accompanied by appropriate evidence regarding the actual terms of the Plan. If either party wishes to file such a motion, it shall move to amend the case

_____

[4]The Court does not mean to suggest that Caterpillar is stuck with Clark's deposition testimony if that testimony was incorrect or unintentionally misleading. However, Caterpillar may not simply ignore the testimony that was given by its own witness, which is what it has done.

management plan accordingly and to continue the trial date.  Any such motion shall be filed **within 21 days of the date of this Entry**.

SO ORDERED:  08/07/2012

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification